Case 4:24-cv-00567   Document 16   Filed on 03/20/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GWENDOLYN MINOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-00567 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Wal-mart Stores Texas, LLC (Wal-mart), motion for summary judgment (Dkt. No. 11). The plaintiff, Gwendolyn Minor, responded to the motion (Dkt. No. 12). Wal-mart, however moved to strike Minor's response (Dkt. No. 13) and Minor did not respond to that motion. Minor's response was then struck by the Court (Dkt. No. 15). Minor has subsequently failed to submit a motion for continuance or sought leave to file an alternative response to Wal-mart's motion for summary judgment. After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that Wal-mart's motion should be **GRANTED IN PART and DENIED IN PART.**

**II.   FACTUAL BACKGROUND**

This is a personal injury case arising out of an incident in Wal-mart store #4512 location in Katy, Texas that occurred on August 18, 2022. Minor was shopping in the store when a shelf fell on her causing her to suffer injuries.

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A motion for summary judgment cannot be granted due to a party's failure to respond in opposition. *Hibernia Nat. Bank. v. Admin. Cent. Soc. Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985). However, "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014). "Unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

### IV. ANALYSIS & DISCUSSION

Minor has brought claims against Wal-mart for negligence, premises liability, and gross negligence. Wal-mart has moved for summary judgment on all of Minor's claims.

a. **Negligence**

Under Texas law, "a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins,* 478 S.W.3d 640, 644 (Tex. 2016). Negligence requires that there be a contemporaneous, ongoing activity on the premises that gives rise to the alleged injury. *Id.* When an injury results from conditions created on a premises prior to the injury, and not an "ongoing activity[,]" then ordinary negligence does not apply. *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992); *see also Jenkins,* 478 S.W.3d at 644. In this case there is no evidence, nor an allegation in Minor's complaint, that any Wal-mart employee or a contractor was engaged in an ongoing activity that led to Minor's injury. Hence, Walmart is entitled to summary judgment on Minor's negligence claim.

b. **Premises liability**

Wal-mart treats as undisputed Minor's assertion that she was an invitee on its property and the record supports this fact. In Texas to establish liability for injuries, "an invitee-plaintiff must show that (1) a premises owner had actual or constructive knowledge, (2) of some unreasonably dangerous condition on the premises (3) but failed to exercise reasonable care to reduce or to eliminate the unreasonable risk of harm, (4) which failure proximately caused the plaintiff's personal injuries." *Pay and Save, Inc. v. Canales,* 691 S.W.3d 499, 502 (Tex. 2024) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)). Wal-mart argues that there is no evidence of an unreasonably dangerous condition in the area where the plaintiff was injured, or that it had actual or constructive notice of such dangers. Therefore, the Court need not address reduction or elimination of an unreasonable risk or proximate cause because there is no evidence that Wal-mart knew of the conditions or circumstances that gave rise to the fallen shelf.

### i. Unreasonable Risk of Harm

In a premises liability case, "[a] condition creates an unreasonable risk of harm if 'there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *Christ v. Tx. Dept. of Transp.,* 664 S.W.3d 82, 87 (Tex. 2023) (quoting *Cnty of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002)). There are several factors used to determine whether a condition is unreasonably dangerous: (1) whether the relevant condition was clearly marked, (2) its size, (3) whether it had previously caused injuries or generated complaints, (4) whether it substantially differed from conditions in the same class of objects, and (5) whether it was naturally occurring. *Id.*

The evidence in the record supports that the shelf was not clearly marked as hazardous; the shelf was at least large enough to injure Minor; and, the shelf was not naturally occurring. These three factors weigh in favor of finding the condition to be unreasonably dangerous. There is also a factual dispute in the deposition transcripts as to whether or not the shelf substantially differed compared to other units in the store based on whether it was properly secured. Minor also testified in her deposition that a Wal-mart employee told her immediately after the incident that the employee had complained about the condition of the shelf to supervisors and managers several times warning them that an injury was going to happen to hurt someone. Hence, there is a genuine dispute of material fact as to whether the condition was unreasonably dangerous.

### ii. Actual or Constructive Knowledge

The is "no one test for determining actual knowledge that a condition presents an unreasonable risk of harm." *Univ. of Texas-Pan American v. Aguilar,* 251 S.W.3d 511, 513 (Tex. 2008). However, if an owner has received reports of prior injuries, or a report of potential danger, that will "generally" satisfy the test of actual knowledge. *Id.* Minor testified in her deposition that

immediately after the accident a Wal-mart employee informed her that she had relayed the potential danger to management. A Wal-mart manager testified in his own deposition that he had no notice of any issue with the shelf, however, the conflicting deposition transcripts simply create a dispute of material fact. Hence, Wal-mart's motion for summary judgment as to Minor's premises liability claim is denied.

### c. Gross Negligence

In Texas, a plaintiff proceeding with a premises liability claim must satisfy the elements of that claim as well as show that the act or omission involved subjective awareness of an extreme risk, indicating conscious indifference to the rights, safety, or welfare of others. *Austin v. Kroger Texas L.P.,* 746 F.3d 191, 196 n.2 (5th Cir. 2014). Extreme risk has been defined as "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex.1998). A corporation can be held liable for gross negligence if, among other things, it commits gross negligence through the actions of a vice principal. *Ellender*, 968 S.W.2d at 921–22. A vice-principal includes four classes: (1) Corporate officers; (2) those who have authority to employ, direct, and discharge servants of the master; (3) those engaged in the performance of nondelegable or absolute duties of the master; and (4) those to whom a master has confided the management of the whole or a department or division of his business. *Century Surety Co. v. Seidel,* 893 F.3d 328, 337 (5th Cir. 2018).

In this case, the conflicting evidence indicates that the Wal-mart knew of the potential that the shelf could cause because that information had been relayed to an employee whose responsibility it was to mark the area or reduce or eliminate the risk. While this evidence is

disputed, it is evidence of the nature that a factfinder must resolve. Therefore, Wal-mart's motion for summary judgment on Minor's gross negligence claim is denied.

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is **GRANTED IN PART and DENIED IN PART**.

It is so **ORDERED**.

SIGNED on March 20, 2025, at Houston, Texas.

                                                  Kenneth M. Hoyt
                                                  United States District Judge